IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNY HOGAN,

    Plaintiff,

  v.                                                                          No. CV 12-0804 MV/KBM

THE GEO GROUP,
JAMES JANECKA,
MS. TURNER,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See*

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint names as Defendants a private prison operator (GEO Group), the warden (Janecka) of a correctional facility, and a nurse (Turner) employed at the facility. Plaintiff alleges that during the period from August to October, 2010, he was denied necessary medical treatment for a serious medical condition. Specifically, Plaintiff alleges that Defendant Turner failed to respond timely to his initial requests for treatment. The resulting delay allegedly caused him substantial permanent harm and prolonged his pain and suffering. The complaint contends that Defendants' actions violated Plaintiff's rights under the Due Process Clause and the Eighth Amendment. He seeks unspecified relief.

No relief is available on Plaintiffs' claims against Defendants GEO Group and Janecka. The complaint contains no allegations against these Defendants affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a supervisor or employer may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* "[P]laintiff has failed to allege that defendant[s GEO or Janecka] personally authorized, supervised or participated in the decisions regarding his medical care. This omission is fatal to plaintiff's claims against [them]." *Horton v. Ward*, 123 F. App'x 368, 371 (10th Cir. 2005) (citing *Snell v. Tunnell*, 920 F.2d 673, 700 d(10th Cir. 1990)).

Nor is relief available on Plaintiff's conclusory allegation that Defendant GEO Group is liable for failing to train employees. Plaintiff must demonstrate that Defendant's "action was not simply negligent, but 'was taken with "deliberate indifference" as to its known or obvious

consequences.' " *Crownover v. City of Lindsay*, No. 99-6346, 2000 WL 1234852, at *3 (10th Cir. Sept. 1, 2000) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)).  Plaintiff's allegations allow no inference of deliberate indifference by Defendant GEO Group.  "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted).  The Court will dismiss Plaintiff's claims against Defendants GEO Group and Janecka.

IT IS THEREFORE ORDERED that Plaintiffs' claims against Defendants GEO Group and Janecka are DISMISSED; Defendants GEO Group and Janecka are DISMISSED as parties to this action; and the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Turner.

_____
UNITED STATES DISTRICT JUDGE