IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNY HOGAN,

   Plaintiff,

   v.                                                 No. CV 12-0804 KG/KBM

MS. TURNER,

   Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Motion for Supplemental Amended Complaint (Doc. 21). Because leave to amend is not required at this time, *see* Fed. R. Civ. P. 15(a)(1), the motion will be denied as moot and construed as Plaintiff's first amended civil rights complaint. For reasons set out below, certain claims in the amended complaint will be dismissed.

      The original complaint alleges that Defendants denied necessary medical treatment for Plaintiff's serious medical condition, mainly by delaying treatment. One of the original allegations is that Plaintiff was transported from one facility to another in order to be treated. The amended complaint contains slightly modified photocopied pages from the original complaint, as well as additional text. The one substantive change is an allegation that, aside from the delay, the referenced transport itself posed an unreasonable risk of further injury, reflecting Defendants' deliberate indifference to Plaintiff's condition. The amended complaint names as Defendants a corporate medical service provider, two individuals, and two unnamed

individuals; Plaintiff also attempts to reinstate his claims against two Defendants (GEO Group and Janecka) who were previously dismissed as parties.

As noted in the earlier order (Doc. 12), Plaintiff alleges that during the period from August to October, 2010, he was denied necessary medical treatment for a serious medical condition. Specifically, Plaintiff alleges that Defendant Turner failed to respond timely to his initial requests for treatment. The resulting delay, including the unreasonable transport, allegedly caused him substantial permanent harm and prolonged his pain and suffering. The amended complaint contends that Defendants' actions violated Plaintiff's rights under the Due Process Clause and the Eighth Amendment. The amended complaint devotes five pages to describing the various forms of relief that Plaintiff seeks.

The Court will not reinstate Defendant GEO Group and Defendant Janecka as parties to this action. The amended complaint makes no new allegations against these Defendants affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Furthermore, the only allegations in the amended complaint against Defendant Correctional Medical Services and Defendant Douglas are that they are "responsible for oversight and direction of providing adequate medical care." These allegations fail to demonstrate personal involvement by these Defendants in the asserted constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a supervisor or employer may not be based solely on a theory of respondeat superior liability for the actions of subordinates or employees. *See id.* "[P]laintiff has failed to allege that defendant[s Corrections Medical Services and Douglas] personally authorized, supervised or participated in the decisions regarding his medical care. This omission is fatal to plaintiff's

claims against [them]." *Horton v. Ward*, 123 F. App'x 368, 371 (10th Cir. 2005) (citing *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990)). The Court will dismiss Plaintiff's claims against Defendant Corrections Medical Services and Defendant Douglas.

The amended complaint alleges that Defendant Dr. Jose Andrade participated in Plaintiff's treatment. Plaintiff's claims against Defendant Andrade for the unreasonable delay and inadequate treatment thus appear to survive scrutiny under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6). Last, Plaintiff will be allowed a reasonable amount of time to identify the unnamed Defendants.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Supplemental Amended Complaint (Doc. 21) is DENIED as moot and construed herein as his first amended civil rights complaint;

IT IS FURTHER ORDERED that Defendant GEO Group and Defendant Janecka will not be reinstated as parties to this action; the Clerk is directed to add Defendants Andrade and Two Unknown Transport Officers to the docket;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Correctional Medical Services and Defendant Douglas are DISMISSED; Defendant Correctional Medical Services and Defendant Douglas are DISMISSED as parties to this action; and the Clerk is directed to issue notice and waiver of service forms, with copies of the original and amended complaints (Docs. 1, 21),[1] for Defendant Andrade.

---

[1] Even though the amended complaint supersedes the original, *see Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998), the Court directs that the original be issued with the amended complaint because the original, unlike the amended complaint, is correctly paginated.

_____
UNITED STATES DISTRICT JUDGE