IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNY HOGAN,

    Plaintiff,

    v.                                                          No. CV 12-0804 KG/KBM

MS. TURNER,
DR. JOSE ANDRADE,
TWO UNKNOWN TRANSPORT OFFICERS,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* and on Plaintiff's Motion to Compel (Doc. 25). For reasons set out below, the Court will deny the motion and dismiss Plaintiff's complaint.

This case has been on the Court's docket for approximately one and a half years. Based on the allegations in Plaintiff's original complaint, and pursuant to the provisions of 28 U.S.C. § 1915(d) and Rule 4 of the Federal Rules of Civil Procedure, the Court issued notice and waiver of service forms (Doc. 12) for Defendant Turner. When the documents were returned undelivered (Doc. 16), the Court issued an order (17) directing named Defendant GEO Group to provide an address for Defendant Turner. Based on information provided by GEO Group, the Court directed Plaintiff (Doc. 19) to provide necessary information for serving Defendant Turner. In response (Doc. 20), Plaintiff asked the Court to order discovery to ascertain Defendant Turner's address. A week later, Plaintiff filed an amended complaint (Doc. 21). On review of the amended complaint, the Court dismissed certain newly named parties, added two unnamed parties to the docket, and issued notice and waiver forms for Defendant Andrade (Doc. 23). Once again, the service documents were returned undelivered (Doc. 24).

Plaintiff then filed a motion (Doc. 25) to compel production of identity information for the two unnamed officers. The persons from whom Plaintiff seeks relief in the motion have not been served and thus the Court does not have personal jurisdiction to order the requested production from them. "And, of course, it also furthers an important governmental interest in conserving scarce judicial resources to place the onus squarely on plaintiffs to track down the whereabouts of defendants to effectuate service--rather than obliging the courts to assist in this endeavor--even when the plaintiffs are in prison." *Washington v. Correia*, No. 13-3098, 2013 WL 6172524, at 2* (10th Cir. Nov. 26, 2013) (citing *Sena v. Wackenhut Corp.*, 3 F. App'x 858, 861 (10th Cir. 2001) (upholding dismissal pursuant to Rule 4(m) where an incarcerated plaintiff was unable to find an address for serving the defendant)). The Court will deny the motion and dismiss Plaintiff's complaint without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel (Doc. 25) is DENIED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE